UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
-------------------------------------------------------X
Mallory Pope,

                  Plaintiff,

      -against-

Allied International Credit Corp.,

                  Defendant.
-------------------------------------------------------X

Civil Action No.:_____

**VERIFIED COMPLAINT**

Now comes Plaintiff Mallory Pope ("Plaintiff"), by and through her undersigned attorneys, and brings this action to recover monetary damages, and declaratory and injunctive relief, against the Defendant Allied International Credit Corp. ("Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complaints and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,

1

and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of Kansas, Brown County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant Allied International Credit Corp. ("Allied") is a Delaware corporation conducting business from offices located at 6800 Paragon Place Ste 400 Richmond Virginia 23230.

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Beginning in or around July 2014, Defendant commenced collection activities against Plaintiff to recover an alleged debt (referred to hereinafter as the "Alleged Debt").

10. Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

11. Over the course of seven months, Defendant caused Plaintiff's cellular telephone to ring repeatedly, daily, sometimes up to seven times per day.

12. Specifically, between October 25, 2014, and November 5, 2014, Defendant placed thirty two (32) phone calls to plaintiff.

13. On or about October 25, 2014, Defendant placed four telephone calls to Plaintiff's cellular telephone.

14. On or about October 27, 2014, Defendant placed four telephone calls to Plaintiff's cellular telephone.

15. On or about October 29, 2014, Defendant placed six telephone calls to Plaintiff's cellular telephone.

16. On or about November 2, 2014, Defendant placed three telephone calls to Plaintiff's cellular telephone.

17. On or about November 3, 2014, Defendant placed seven telephone calls to Plaintiff's cellular telephone.

18. On or about November 4, 2014, Defendant placed three telephone calls to Plaintiff's cellular telephone.

19. On or about November 5, 2014, Defendant placed three telephone calls to Plaintiff's cellular telephone.

20. Upon information and belief, to date, Defendant continues to place excessive telephone Plaintiff's cellular telephone in an attempt to collect the Alleged Debt.

21. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d(5)

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. The Defendant's conduct violated 15 U.S.C. §1692d(5) in that the Defendant caused Plaintiff's phone to ring repeatedly in an attempt to collect the Alleged Debt.

24. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. The Defendant's conduct violated 15 U.S.C. §1692d in that the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff.

27. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f(1)

28. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. Defendant violated 15 U.S.C. §1692f(1) in that Defendant attempted to collect an amount not authorized by an agreement and not permitted by law when it tried to collect the Alleged Debt which Plaintiff does not recall owing.

30. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA

### DEMAND FOR TRIAL BY JURY

31. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

### REQUEST FOR PLACE OF TRIAL

32. Pursuant to District of Kansas Local Rule 40.2, Plaintiff respectfully requests the place of trial for this matter to be Kansas City, Kansas.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mallory Pope demands judgment from the Defendant Allied International Credit Corp., as follows:

A. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

B. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

C. For a declaration that the Defendant's practices violated the FDCPA; and,

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
         November 6, 2014

                                            Respectfully submitted,


                                     __s/J. Bradley Pace__
                                          J. Bradley Pace, KS Bar #13431
                                          Pace Law Firm, LLC
                                          P.O. Box 1131
                                          Mission, Kansas 66222
                                          Telephone: (913) 722-2371
                                          Fax: (913) 722-2371
                                          Email: jbradpace@att.net


                                          Fredrick Schulman, Esq.
                                          Fredrick Schulman & Associates
                                          30 East 29TH Street
                                          New York, New York 10016
                                          Telephone (212)796-6053
                                          Fax (212) 951-7379
                                          Email: info@fschulmanlaw.com
                                          ATTORNEYS FOR PLAINTIFF